FRA**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**ALEXANDER THOMAS AND STACEY THOMAS**　　　　**CIVIL ACTION**

**VERSUS**　　　　**NO.**

**FRANCES VARNADO (IN HER OFFICIAL CAPACITY)**　　**JUDGE:**
**AND WASHINGTON PARISH SCHOOL BOARD**　　　**MAG. JUDGE:**

**COMPLAINT FOR INJUNCTIVE RELIEF**

The complaint of Alexander Thomas and Stacey Thomas, on behalf of their minor son N.T., respectfully represents:

1.

Jurisdiction of this court is based on the existence of a federal question arising under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2.

The plaintiffs, Alexander Thomas and Stacey Thomas, are married to each other, and are the parents of N.T., who is a 17-year old senior student at Pine Jr/Sr High in Franklinton, LA. Under La. Civ. Code art. 222 and Louisiana Code Civ. P. art. 683, the plaintiffs are the proper parties to enforce N.T.'s legal rights.

3.

The defendant, Frances Varnado, in her official capacity, is the Superintendent of Schools for the Washington Parish School System. The defendant, Washington Parish School Board, is a political subdivision of the State of Louisiana which governs the Washington Parish School System.  Pine Jr/Sr High is a school within the Washington Parish School System.

4.

Washington Parish School System has a tradition and policy of allowing entering high school seniors to pay $25 in order to paint their own parking spaces.  On or about July 15, 2020, Pine Jr/Sr High posted on its website "Student Parking Space Rules for Seniors Only."  These rules state that "[t]he purpose of allowing students to paint their own parking spot is aimed at improving school pride and camaraderie."  The rules prohibit offensive language, pictures, or symbols, negative or rude language, and the use of another person's (specifically, a boyfriend's or girlfriend's) name.  The rules also state that "all painted spaces must be approved by administration."

5.

On July 31, 2020, N.T. showed the principal of Pine Jr/Sr High a tee shirt with a picture of what he was going to paint.  The principal approved the picture, which was a stylized picture of Pres. Donald Trump with a Stars-and-Stripes bandana and sunglasses.  N.T. intended the picture to be an expression of support for Pres. Trump.

6.

On August 4-6, a friend of N.T.'s painted the parking space for him at a cost of $200.

7.

On August 14, 2020, the principal informed N.T.'s father, Alexander Thomas, that the School Board had voted to have the picture removed and that Ned needed to paint over it.  Shortly afterward the principal informed N.T. that the picture was already painted over.  N.T. went to the School Board office and met with the Superintendent, Frances Varnado.  The Superintendent told

N.T. that the School Board considered his painting too political. The Superintendent later reiterated this to N.T.'s parents.

8.

N.T.'s parking space remains a painted-over gray, while other student parking spaces have various colorful and fanciful designs, some with sayings or quotes, including a rainbow flag and a stylized Japanese flag.

9.

In creating the "Seniors Paint Your Parking Space" program, the defendants opened the parking spaces up to senior students as a "limited public forum" for their particular use only, subject only to prohibitions against offensive language, pictures, or symbols, negative or rude language, and the use of another person's (specifically, a boyfriend's or girlfriend's) name.

10.

N.T.'s expression of support for Pres. Trump is an expression of core political speech, which the U.S. Supreme Court has ruled is the highest, most protected form of speech.

11.

In allowing other students to paint colorful pictures with expressive language, including a rainbow flag and a stylized Japanese flag, while forbidding N.T. to paint a picture of the President of the United States, the defendants are engaging in viewpoint discrimination in violation of N.T.'s right to free speech under the First and Fourteenth Amendments of the United States Constitution.

12.

Additionally, and/or alternatively, the defendants are engaging in prohibited regulation of core political speech in a limited public forum, in violation of N.T.'s right to free speech under the First and Fourteenth Amendments of the United States Constitution, as the defendants cannot prove that N.T.'s picture of Pres. Trump is unlawful, obscene, threatening, or plainly offensive, or that it materially disrupts or materially interferes with school activities, or that it is likely to be construed as the school's or School Board's own speech.

13.

As N.T. is a senior, and the school year is already underway, and other students's parking spaces are already painted while N.T.'s is a painted-over gray, N.T. will suffer irreparable harm if he is not allowed to paint his parking space, which harm cannot be remedied by means other than an injunction. Therefore, the plaintiffs demand injunctive relief ordering the defendants to allow N.T. to re-paint his picture of President Trump.

14.

The plaintiffs further demand, in a separate Motion for Preliminary Injunction, that a preliminary injunction issue, ordering the defendants to allow N.T. to re-paint his picture of President Trump.

15.

A substantial likelihood exists that the plaintiffs will succeed on the merits of their claim; a substantial threat of irreparable harm exists if an injunction is not granted; the threatened harm

outweighs any harm to the defendants if the injunction is granted; and the injunction will not undermine the public interest.

16.

The plaintiffs further demand attorney's fees pursuant to 42 U.S.C. § 1988, and court costs, and any other legal and/or equitable relief the court finds appropriate.

WHEREFORE, the plaintiffs, Alexander Thomas and Stacey Thomas, on behalf of their minor son N.T., pray for judgment in their favor and against the defendants, Frances Varnado (in her official capacity) and Washington Parish School Board, ordering the defendants to allow N.T. to re-paint his picture of President Trump.

The plaintiffs further pray for a preliminary injunction.

The plaintiffs further pray for attorney's fees pursuant to 42 U.S.C. § 1988, and court costs, and any other legal and/or equitable relief the court finds appropriate.

Respectfully submitted:

s/ Yigal Bander
Yigal Bander   #24953
Manasseh, Gill, Knipe & Belanger, P.L.C.
8075 Jefferson Highway
Baton Rouge, LA  70809
Phone: (225) 383-9703
Fax: (225) 383-9704
Email: yigal@manassehandgill.com