UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEXANDER THOMAS AND STACEY THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 2:20-cv-2425** |
| **FRANCES VARNADO (IN HER OFFICIAL CAPACITY) AND WASHINGTON PARISH SCHOOL BOARD** | **JUDGE: EEF** <br> **MAG. JUDGE: KWR** |

### REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

The plaintiffs, Alexander Thomas and Stacey Thomas, on behalf of their minor son N.T., reply as follows to the Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction:

The defendants claim that "Plaintiffs acknowledge that school officials are entitled to restrict student speech – *even those purely based on viewpoint* – when the speech would cause material and substantial disruption."  This is not exactly so. Under *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) and its progeny, pure student speech which is not obscene, rabble-rousing, or plainly offensive, and which doesn't urge lawbreaking, and which doesn't incite to violence or disorder, cannot be subject to viewpoint discrimination, period, even if there is a claim of material and substantial disruption.

The defendants claim without evidence that N.T.'s painting is taken from a movement known as "Merica", which they claim (again without evidence) "has racial undertones." The

plaintiffs and N.T. are unaware of any such movement.  N.T. got the idea for his painting from a shirt somebody gave to him.  Race has nothing to do with it.

The defendants claim without evidence that we're experiencing a "tumultuous and highly charged political environment" specifically in Washington Parish and specifically at Pine Jr./Sr. High.  They claim without evidence that N.T.'s painting would cause "division and disruption among students."  But just because the Superintendent says this is so does not make it so. The plaintiffs are aware there is a contentious Presidential election going on, but are unaware of any special tumult in Washington Parish or at Pine Jr./Sr. High, or of any recent history of "division and disruption" within the school system.

The defendants try to analogous N.T.'s painting of the President of the United States with the Confederate flag which was at issue in *A.M. ex rel. McCallum v. Cash,* 585 F.3d 214, 221 (5th Cir. 2009).  This is far-fetched, and an insult to N.T. Everybody knows what the Confederate flag meant 155-160 years ago, what it meant during the years of Jim Crow, and what it means today. The Confederate flag has nothing to do with a painting of the President of the United States.

                                                  Respectfully submitted:

                                                  <u>s/ Yigal Bander</u>
                                                  Yigal Bander  #24953
                                                  Manasseh, Gill, Knipe & Belanger, P.L.C.
                                                  8075 Jefferson Highway
                                                  Baton Rouge, LA  70809
                                                  Phone: (225) 383-9703
                                                  Fax: (225) 383-9704
                                                  Email: yigal@manassehandgill.com

3

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by the Clerk of Court by using the CM/ECF system.

    Baton Rouge, Louisiana, this 23rd day of September, 2020.

                                          <u>s/ Yigal Bander</u>
                                          Yigal Bander